[Cite as *State v. Viera*, 2011-Ohio-5263.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER M. VIERA | : | Case No. 11CAA020020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 09 CRI 09 0444B



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                October 12, 2011



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ERIC C. PENKAL                            JOHN R. CORNELY
140 North Sandusky Street                 21 Middle Street
3rd Floor                       P.O. Box 248
Delaware, OH  43015                       Galena, OH  43021-0248

*Farmer, J.*

{¶1}   On September 18, 2009, the Delaware County Grand Jury indicted appellant, Christopher Viera, on two counts of theft in violation of R.C. 2913.02, one count of receiving stolen property in violation of R.C. 2913.51, and one count of burglary in violation of R.C. 2911.12.  Said charges arose from the theft of a motor vehicle and then some items from the garage of Gary Glass.

{¶2}   On January 21 and 25, 2011, appellant filed two motions to exclude the testimony of Carla Durham, the state's forensic expert, citing discovery violations under Crim.R. 16(K).  Both motions were denied.

{¶3}   A jury trial commenced on January 25, 2011.  The trial court granted appellant's Crim.R. 29 motion on one of the theft counts, theft of a motor vehicle.  The jury found appellant guilty of the remaining theft count and the receiving stolen property count, and not guilty of the burglary count.  By judgment entry of sentence filed January 27, 2011, the trial court sentenced appellant to an aggregate term of thirty months in prison.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE STATE'S EXPERT WITNESS TO TESTIFY DESPITE THE FAILURE OF THE STATE TO COMPLY WITH OHIO RULES OF CRIMINAL PROCEDURE RULE 16(K)."

II

{¶6}   "THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE STATE TO CALL A WITNESS NOT DISCLOSED IN DISCOVERY."

III

{¶7}   "THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING THE STATE TO INTRODUCE EXHIBITS THAT WERE NOT DISCLOSED IN DISCOVERY."

IV

{¶8}   "THE CUMULATIVE ERRORS OF THE TRIAL COURT IN PERMITTING THE STATE TO VIOLATE CRIMINAL RULE 16 ON MULTIPLE OCCASIONS DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL, THE ASSISTANCE OF COUNSEL, AND DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION."

{¶9}   Appellant's assignments of error center on the trial court's decision as it relates to the language in newly adopted Crim.R. 16, and the issue of whether previous case law permitting trial courts to have discretion in enforcing the rule are applicable sub judice.

{¶10}  Of procedural importance is the fact that appellant was indicted prior to the effective date of newly enacted Crim.R. 16, July 1, 2010.  The indictment was filed on September 18, 2009, appellant was arraigned on April 19, 2010, the state's original discovery was filed on April 19, 2010, and the state's supplemental discovery was filed on July 30, 2010.  These dates are important as they relate to Assignment of Error I because Ms. Durham as an expert and her report as to fingerprints were disclosed to appellant prior to the new rule date, but her report as to palm prints was filed after.

I

{¶11}  Appellant claims the trial court erred in permitting Ms. Durham to testify given the state's failure to follow the mandates of Crim.R. 16(K).  Appellant claims he is entitled to a new trial because Crim.R. 16(K) obviates the trial court's discretion to sanction non-disclosure by any other remedy other than exclusion.  We disagree.

{¶12}  Crim.R. 16(K) states the following:

{¶13}  "**(K) Expert Witnesses; Reports.** An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications.  The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party.  Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial."

{¶14}  Appellant argues Ms. Durham should be excluded from testifying on both the fingerprint identification and the palm print identification.  The fingerprint identification was disclosed prior to the effective date of Crim.R. 16(K).  Although the report was timely disclosed under the rule, it failed to include Ms. Durham's qualifications.  It is conceded that her curriculum vitae was provided the day of trial.  Given the fact that disclosure was made pursuant to the prior version of Crim.R. 16, we find no error in failing to provide Ms. Durham's qualifications as it pertains to the fingerprint report.  Former Crim.R. 16(B)(1)(d) provided for the disclosure of the results of scientific tests upon a defendant's request:

{¶15} "Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney."

{¶16} The central issue remaining is whether the trial court erred in permitting Ms. Durham to testify as to the palm print. It is undisputed that the disclosure of the palm print report was untimely and violated Crim.R.16(K). Ms. Durham's qualifications were also not timely given, but because she was already going to testify on the fingerprint report as we found supra, we find this issue to be moot.

{¶17} The trial court attempted to afford appellant additional time if he needed to prepare a defense to the palm print identification. Appellant declined the offer of a continuance and demanded the exclusion of the evidence. Although appellant makes much about a continuance being counted against him on speedy trial issues, we find this to be a "red herring." Appellant had already signed a waiver of speedy trial, and clearly the late discovery violation would have been counted against the state.

{¶18} The gravamen of this issue is whether Crim.R. 16(K) abolishes the trial court's discretion. For the following reasons, we find it does not.

{¶19} Included in Crim.R. 16(K) referring to the twenty-one day rule is the phrase "which period may be modified by the court for good cause shown, which does not prejudice any other party." New subsection (L)(1) is essentially a codification of the case law favoring the trial court's discretion in fashioning remedies to satisfy justice:

**{¶20}** "**(L) Regulation of discovery.**

{¶21} "(1) The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

{¶22} In this case, the trial court essentially did just that. It was clear from the first report that palm prints were an issue and in fact, the co-defendant's palm print was examined and did not match. Appellant's fingerprints matched those found at the crime scene and as the report dated October 8, 2009 indicates, a palm print card for appellant was not available.

{¶23} Given the circumstances sub judice, we find the trial court did not err in permitting Ms. Durham to testify.

{¶24} Assignment of Error I is denied.

II, III

{¶25} Appellant claims the trial court erred in permitting Corrections Officer Angela Nusser to testify given the state's failure to disclose her as a potential witness. Appellant also claims the trial court erred in accepting several undisclosed exhibits presented by the state.

{¶26} It is clear that the state erred in not disclosing witness Nusser to appellant. While the state disclosed the name of another corrections officer to testify about

booking appellant into the jail, it was not until the morning of trial that the state disclosed the correct officer was Officer Nusser. Officer Nusser testified to booking appellant into the jail and taking his palm prints and fingerprints. T. at 261-263. Her testimony was merely to establish the chain of custody. The complained of exhibits, introduced during Officer's Nusser's testimony, were State's Exhibits 11 (the booking form), 12 (the booking photograph), and 13 (a palm print and fingerprint card). We note the palm print portion of State's Exhibit 13 was remarked as State's Exhibit 9A.

{¶27} Appellant did not object to State's Exhibit 9A or State's Exhibit 13. T. at 291-292, 293-294. We find no evidence of plain error. Crim.R. 52(B); *State v. Long* (1978), 53 Ohio St.2d 91. In Assignment of Error I, we found no error in the trial court permitting the palm print evidence. The fingerprint card was an extra card that was not used for comparing appellant's fingerprints to the latents.

{¶28} Appellant also complains of the introduction of State's Exhibit 14 (BCI fingerprint card). This exhibit was not provided to appellant prior to trial. Ms. Durham testified State's Exhibit 14 was the fingerprint card she used for comparison to the latent prints. T. at 275. Defense counsel did not object to this exhibit. T. at 294-295. In fact, defense counsel was able to cross-exam Ms. Durham on the exhibit and point out that appellant's social security number was listed incorrectly, thereby raising doubt about the fingerprint card. T. at 283-286. We find no evidence of plain error.

{¶29} The sole issue is whether appellant was prejudiced by the late disclosures of Officer Nusser testifying and State's Exhibits 11 and 12. Appellant's presence at the crime scene was established via the testimony. Ms. Durham established appellant's fingerprints matched the latent prints found at the scene. T. at 276. The co-defendant

identified appellant as being with him during the incident.  T. at 132, 167.  The existence of the palm prints was merely cumulative.  We find any error in the late disclosures to be harmless.  Crim.R. 52(A).

{¶30}  Assignments of Error II and III are denied.

IV

{¶31}  Appellant claims the cumulative errors (Assignments of Error I through III) denied him a fair trial.  We disagree.

{¶32}  Having found no error in the assignments of error above, this assignment of error is denied.

{¶33}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES

SGF/sg 909

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTOPHER M. VIERA | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CAA020020 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES