[Cite as *State v. Willett*, 2012-Ohio-2186.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                              :         Case No. 11CA3260
                                            :
    Plaintiff-Appellee,                     :
                                            :         DECISION AND
    v.                                      :         JUDGMENT ENTRY
                                            :
HARRY L. WILLETT,                           :
                                            :         **RELEASED 05/16/12**
    Defendant-Appellant.                    :
_____
APPEARANCES:

Timothy Young, Ohio Public Defender, and Ben A. Rainsberger, Assistant Ohio Public Defender, Chillicothe, Ohio, for appellant.

Toni L. Eddy, Chillicothe Director of Law, Chillicothe, Ohio, for appellee.
_____
Harsha, J.

**{¶1}** Harry Willett appeals his conviction for operating a vehicle under the influence (OVI). He argues because the state failed to lay a proper foundation for the trooper's testimony regarding the field sobriety tests, the court erred by allowing his testimony. However, Willett's trial counsel did not object at trial to the trooper's testimony on the basis of foundation, so we will apply a plain error analysis. And even if we exclude the trooper's testimony concerning the field sobriety test results, the trooper was still entitled under Evid.R. 701 to testify about what he observed as he gave the test, e.g. whether Willett was unsteady or swayed, failed to follow instructions, etc. Because we find exclusion of the testimony concerning the field sobriety test results would not have changed the outcome of the trial in light of the totality of the evidence, we find no plain error.

**{¶2}** Willett also claims that because the state failed to lay the proper foundation for the trooper's testimony by showing substantial compliance with the testing standards, the only way Willett could testify was as an expert. However, the Supreme Court of Ohio has determined an officer can testify about the defendant's performance on nonscientific field sobriety tests as a layperson. Thus, Willett's claim that the state's failure to disclose the trooper's report required the court to preclude the trooper from testifying under the rules of discovery is meritless.

## I. FACTS

**{¶3}** Captain Vessels of the Ohio State Patrol initially stopped Harry Willett for a traffic violation; Trooper Wilson, who arrived subsequently to complete the investigation, asked Willett to perform several field sobriety tests. Based on these tests, Trooper Wilson arrested Willett and charged him with operating a vehicle under the influence (OVI), in violation of R.C. 4511.19(A)(1)(a).

**{¶4}** Willett pleaded not guilty and the matter proceeded to a jury trial. On the day of trial, the prosecution disclosed to the court that an "impaired driver report" had been omitted from discovery submitted to the defense. Based on this omission, defense counsel objected to any testimony by Trooper Willett regarding the field sobriety tests. He argued that the trooper was testifying as an expert witness and under Crim.R. 16 his testimony should be precluded because the information regarding the tests was not disclosed to the defense prior to trial. Before the state called any witnesses, defense counsel received the impaired driver report and again renewed his objection but did not seek a continuance. Instead counsel renewed the request to

prohibit Trooper Wilson from testifying about the field sobriety tests. The trial court overruled the objection and allowed Trooper Wilson to testify about them.

{¶5}    Trooper Wilson testified that on the night in question, he responded to a traffic stop involving Willett.  He stated that when he arrived at the scene Willett had "bloodshot, glassy eyes" and smelled strongly of alcohol.   Trooper Wilson then questioned Willett, who admitted that he had "three beers and one shot" over a four hour period of time.  Based on his observations and Willett's admission, Trooper Wilson asked him to perform three field sobriety tests: 1.) the nystagmus test; 2.) the one-leg stand; and 3.) the walk-and-turn.

{¶6}    Trooper Wilson testified very briefly about his training and experience. Trooper Wilson stated he has worked as a trooper for the highway patrol since 2007. He stated that he received "ADAPT" training, which is a course that provides instruction on the National Highway Traffic Safety Administration (NHTSA) requirements in detecting impaired drivers.  However, Wilson did not discuss specific NHTSA standards and the state did not offer a copy of them into evidence.  Trooper Wilson then made some general comments about how he routinely conducts the tests.  Defense counsel objected to the generalized description and Wilson resumed by making specific reference to how he instructed Willett.

{¶7}    Wilson testified that he conducted the horizontal gaze nystagmus test in front of his cruiser and Willett was "instructed to hold his head still.  He was asked to follow the tip of my pen with his eyes and his eyes only.  I hold the tip of the pen 12 to 15 inches in front of his face."   He explained that he then moved the pen across Willett's field of vision, left to right, and looked for "lack of smooth pursuit," where the

eyes involuntarily jerk and are unable to follow the pen in a smooth manner. Trooper Wilson testified that Willett showed a "lack of smooth pursuit in both eyes."

{¶8}    Trooper Wilson also performed the distinct sustained nystagmus, which he described as holding a stimulus at a 45 degree angle from the eyes, moving it to the left or right, and looking for four seconds for an involuntary jerking of the eye at that angle. Trooper Wilson testified that he again saw the involuntary jerking in both of Willett's eyes. He also conducted a vertical nystagmus, but testified that he did not observe any abnormalities in Willett's eyes. Finally, Trooper Wilson performed a test where he moves his pen in a circle and at the center he moves the pen towards the person's face and looks for tracking in their eyes. He testified that Willett did not show any indicators on this test either.

{¶9}    Trooper Wilson then described the one-leg stand test. He testified that he first told Willett to stand with his feet together and his hands at his sides. Although the trooper testified about the results of this test, he did not further describe how Wilson performed the one-leg stand test.

{¶10}  Trooper Wilson then testified about the walk-and-turn test. He indicated that he instructed Willett to "stand with his right foot in front of his left, touching heel to toe, and his hands to his side." He then stated that he demonstrated the test and asked Willett "to walk nine steps forward and nine steps back touching heel to toe on each step keeping his hands to his side while counting out loud during the test." He testified that he observed six out of eight clues of intoxication while observing Willett perform this test. Based on his observations of these field sobriety tests, Trooper Wilson testified that he determined that Willett was impaired and placed him under arrest for OVI.

**{¶11}**   At no point did defense counsel object to Wilson's testimony based upon a lack of proper foundation due to Wilson's failure to substantially comply with NHTSA guidelines.  *See* R.C. 4511.19(D)(4)(b) (requiring clear and convincing evidence of substantial compliance with the NHTSA requirements.)

**{¶12}**   On cross-examination, Trooper Wilson testified that he performed the standardized field sobriety tests as he was trained.  However, he admitted that he did not ask if Willett had any problems with his eyes before performing the horizontal gaze nystagmus test and also failed to ask him if he had any back or leg problems before performing the one-leg stand and walk-and-turn tests.  It appears that the NHTSA guidelines require these inquiries.

**{¶13}**   The jury found Willett guilty of OVI and he was sentenced by the court. This appeal followed.

## II. ASSIGNMENTS OF ERROR

**{¶14}**   Willett presents two assignments of error for our review:

**{¶15}**   "THE COURT BELOW ERRED BY ALLOWING TESTIMONY OF FIELD SOBRIETY TESTS WITHOUT THE STATE LAYING PROPER FOUNDATION AS REQUIRED BY R.C. 4511.19(D)(4)(b)(i)."

**{¶16}**   "THE COURT BELOW ERRED BY ALLOWING TROOPER WILSON TO TESTIFY AS AN EXPERT WITNESS WITHOUT DISCLOSURE REQUIRED BY CRIM.R. 16(K)."

## III. TROOPER WILSON'S TESTIMONY

**{¶17}**   Willett combines his argument for both assignments of error.   However, App.R. 16(A)(7) requires that an appellant argue each assignment of error separately

and failure to do so is grounds to disregard them.  *See* App.R. 12(A)(2).  Nevertheless, we will consider the merits of Willett's arguments.

{¶18}  First we address the state's argument that because Willett did not file a motion to suppress prior to trial challenging the issue of whether the field sobriety tests were conducted in substantial compliance with the testing standards, he was waived this argument on appeal.  Because the state failed to raise this issue before the trial court, we will not entertain it for the first time on appeal.  And, due to the considerable confusion between whether using a motion to suppress or a motion in limine is the appropriate procedure, see Weiler & Weiler, *Ohio Driving Under the Influence Law*, Section 9:8 (2011-1012 Ed.), we prefer to address Willett's argument on its merits.

{¶19}  Here, Willett's trial counsel failed to object to Trooper Wilson's testimony at trial on the basis that the state failed to establish substantial compliance with testing standards.  Evid.R. 103(A)(1) provides that an "[e]rror may not be predicated upon a ruling which admits * * * evidence unless a substantial right of the party is affected and * * * a timely objection or motion appears of record stating the specific ground of objection, if the specific ground was not apparent from the context[.]"  Although our review of the transcript reveals that trial counsel objected numerous times during Trooper Wilson's testimony about the field sobriety testing, he either did not state the basis for objection or referred to Wilson testifying as an expert and the prohibition set forth in Crim.R. 16(K), i.e. he did not object on the basis of foundation/lack of substantial compliance with the testing standards.  Because Willett's counsel did not object on the specific ground that he raises here, we need only determine whether the admission of

Trooper Wilson's testimony amounted to plain error. *See* Evid.R. 103(A)(1). *See also*

*State v. Rinehart*, 4th Dist. No. 07CA2983, 2008-Ohio-5770, ¶ 18.

### A. Plain Error

{¶20} For plain error to exist there must be a plain or obvious error that affects

"substantial rights," which the Supreme Court of Ohio has interpreted to mean "that the

trial court's error must have affected the outcome of the trial." *State v. Barnes*, 94 Ohio

St.3d 21, 27, 759 N.E.2d 1240 (2002). *See, also, Rinehart, supra,* at ¶ 18. In addition,

we take notice of plain error "with the utmost caution, under exceptional circumstances,

and only to prevent a manifest miscarriage of justice." *Rinehart*, *supra*, at ¶ 18, citing

*State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, at ¶ 78.

Courts should notice plain error only if the error seriously affects the fairness, integrity or

public reputation of judicial proceedings. *Rinehart*, supra, at ¶ 18. After reviewing the

record, we cannot say that the outcome would have been different had the trial court

excluded Trooper Wilson's testimony concerning the field sobriety tests results.

{¶21} In *State v. Schmitt*, 101 Ohio St. 3d 79, 2004-Ohio-37, 801 N.E.2d 446,

the Supreme Court of Ohio noted that virtually any lay witness, including a police officer,

may testify about whether an individual appears intoxicated. *Id.* at ¶ 12. The court

indicated there is no reason to treat an officer's testimony concerning a driver's

performance on nonscientific field tests any differently from his observations on other

indications of intoxication like slurred speech, bloodshot eyes and the odor of alcohol.

*Id.* at ¶ 14. The court went on to conclude that even when the final results of a field

sobriety test must be excluded at trial because the test was not administered in

compliance with standardized testing procedures, the officer may testify as a lay witness

under Evid.R. 701 about the officer's observation of the defendant's performance. *Id*. at syllabus, ¶ 15. Thus the results, i.e. whether the defendant passed or failed the specific test are not admissible without substantial compliance with NHTSA requirements. However, observations like the defendant couldn't follow instructions or stumbled during a test are admissible regardless of the lack of compliance. *See Columbus v. Bickis*, 10th Dist. No. 09AP-898, 2010-Ohio-3208, ¶ 16.

{¶22} Before Trooper Wilson testified, Captain Patrick Vessels of the Ohio State Highway patrol testified that he observed Willett attempt to make a left turn into the front yard of a home where there was no driveway. Willett then stopped in the middle of the road, backed up and continued driving down the road. After Captain Vessels pulled him over, he noticed a strong odor of alcohol coming from the vehicle and Willett's face was reddish and his eyes were bloodshot. The captain then testified that after Willett exited the car, he noticed "the odor of an alcoholic beverage on his person."

{¶23} Captain Vessels also testified that he watched Trooper Wilson administer the field sobriety tests to Willett. Without objection Vessels stated he agreed with Trooper Wilson's determination that Willett was operating a motor vehicle under the influence of alcohol based upon his observation of Willett and his driving.

{¶24} Trooper Wilson testified that Willett admitted to him that he had "three beers and one shot." Additionally, Wilson stated that Willett's eyes were bloodshot and glassy and that he smelled strongly of alcohol. And the state introduced a video showing Willett's performance of the field sobriety tests without any objection from the defense. Our review of the video indicates that during the one-leg stand test Willett lost

his balance and put his leg down.  Additionally, during the walk-and-turn test, he started the test then stopped and also stumbled while turning around.

**{¶25}**  Willett himself also testified that he was at a bar from about 4:00 p.m. to 10:00 p.m. on the night in question.  He also confirmed that he had "three, maybe four beers" and "a shot" over a four hour period before leaving the bar to drive his friends home.

**{¶26}**  Based on the totality of the evidence, this is not one of those exceptional circumstances that result in a manifest miscarriage of justice.  Willett has not shown that the outcome of trial clearly would have been otherwise had Wilson's testimony about the field sobriety test results been excluded.   Therefore, we overrule his first assignment of error.

## IV. EXPERT TESTIMONY

**{¶27}**  Willett's second assignment of error is somewhat unique.  He argues that in the absence of direct evidence that Trooper Wilson substantially complied with the NHTSA testing standards when he performed the field sobriety tests, Wilson had to testify as an expert witness because he was offering an opinion on a matter beyond the knowledge of a laywitness.  And consequently, because the state did not provide a copy of his written report as required by Crim.R. 16(K), the trial court should have precluded his testimony.  Because Willett's trial counsel objected to Trooper's Wilson's testimony at trial on this basis, we will briefly address the merits of his argument.

**{¶28}**  Crim.R. 16(K) states: "An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications.  The

written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party.  Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial."

**{¶29}** We agree that had Trooper Wilson testified as an expert, his testimony might have been precluded under Crim.R. 16(K).[1]  However, the record shows that the state did not offer Trooper Wilson as an expert witness, nor was he qualified as one by the trial court.  Moreover, Willett does not cite any case law, and we can find none, supporting his claim that when the state fails to supply the proper foundation for a trooper's testimony about field sobriety testing that he becomes an expert witness.  To the contrary, as we already noted the Supreme Court of Ohio has concluded that an officer's testimony regarding the defendant's performance on nonscientific field sobriety tests is admissible as lay testimony under Evid.R. 701 regardless of whether the tests were administered in substantial compliance with NHTSA standards.  *Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, ¶¶ 14, 15.  *Bickis*, 10th Dist. No. 09AP-898, 2010-Ohio-3208, ¶ 16.  Therefore, we conclude Trooper Wilson was not testifying as an expert; accordingly, Crim.R. 16(K) did not require exclusion of his testimony.  Because any error in permitting him to testify about the test results would be harmless beyond a reasonable doubt in light of Wilson's observations, the testimony from Captain Vessels, and Willett's admissions, we overrule this assignment of error.

---

[1] Technically, this is not a case of nondisclosure, but rather belated disclosure.  The rule would seem to afford the trial court some discretion in fashioning a sanction here, especially in light of the absence of a request to continue the trial.

{¶30} Thus, we overrule both of Willett's assignments of error and affirm his OVI conviction.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J. & Kline, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**