[Cite as *State v. Opp*, 2014-Ohio-1138.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MYNDI A. OPP,

    DEFENDANT-APPELLANT.

CASE NO. 13-13-33

**O P I N I O N**

Appeal from Seneca County Common Pleas Court
Trial Court No. 12-CR-0261

Judgment Affirmed

Date of Decision: March 24, 2014

APPEARANCES:

    *James W. Fruth* for Appellant

    *Angela M. Boes* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Myndi A. Opp brings this appeal from the judgment of the Court of Common Pleas in Seneca County, Ohio, which entered her conviction after a jury found her guilty of Illegal Conveyance of Drugs of Abuse onto the Grounds of a Specified Governmental Facility, in violation of R.C. 2921.36(A)(2), (G)(2), a felony of the third degree. Opp argues that, due to State's failure to comply with Crim.R. 16(K), her trial was fundamentally flawed and that the verdict must be reversed. For the reasons stated below, we affirm the trial court's judgment.

{¶2} The charge against Opp arose out of an event that occurred on or about March 9, 2012, and involved "a dangerous drug" known as Ultram. (R. at 1, Indictment, Dec. 5, 2012.) Opp's jury trial took place on May 29, 2013. During the trial, the State elicited the testimony of a pharmacist, Kari Wedge, who was qualified as an expert witness regarding the interpretation and dispensing of prescription medications. (Tr. of Proceedings, May 29, 2013, at 161-162.) Although Opp did not have any objections to Ms. Wedge's qualifications as an expert, she objected to her opinion testimony under Crim.R. 16(K), which requires that prior to testifying at trial, an expert witness shall prepare a written report summarizing his or her "testimony, findings, analysis, conclusions, or opinion," and that this report "shall be subject to disclosure" to the opposing party twenty-

-2-

one days before trial unless the deadline is modified by the court. (*Id.* at 163-164, quoting Crim.R. 16(K).)

**{¶3}** The State had not provided Opp with a report, although it had provided Opp with the notice of its intention to call Ms. Wedge as a witness and with Ms. Wedge's curriculum vitae[1] in its "Continuance to Discovery" filed before trial. (R. at 17, 20.) In response to Opp's objection at trial, the State explained that Ms. Wedge had not prepared a report because no chemical analysis of the substance involved in the case was performed. (Tr. at 165-166.) The State also argued that Opp would not be prejudiced or surprised by Ms. Wedge's testimony because she was on notice of the State's intention to call her and Opp's counsel had a chance to talk to the witness prior to trial. (*Id.* at 165-168.) The State offered that if necessary, it would limit its questioning of Ms. Wedge to the issue of whether Ultram was a prescription-only substance, without asking Ms. Wedge to identify the drug involved in the case. (*Id.* at 165, 169-170.) The trial court allowed the witness to testify within these limitations. (*Id.* at 170-171.)

**{¶4}** Ms. Wedge testified that as a pharmacist, she was familiar with the substance called Ultram, which was an opioid-type pain medication. (*Id.* at 182.) She testified that Ultram is only available upon prescription. (*Id.*) In her further testimony, Ms. Wedge stated that in order to identify Ultram a person would have

---

[1] Opp alleges in her brief that the State "never tendered" to her "a summary of Ms. Wedge's expert qualifications before offering her testimony." (Appellant's Br. at 6.) This allegation appears to be contradicted by the State's "Continuance to Discovery" filed on May 22, 2013, indicating that the State was submitting "CV of Pharmacist Kari Wedge." (*See* R. at 20.)

to look at the markings, the size, and the color of the medication, and check in the database to find out what it is because the medication looks different depending on the manufacturer. (*Id.* at 172, 174.) She did not identify the drug involved in this case.

**{¶5}** Other witnesses testified as to the identity and nature of the drug involved in this case. (*Id.* at 109, 115-117, 135, 158, 176-179.) Those witnesses identified the drug as Ultram, a prescription-only medication. (*Id.*) Opp did not testify at trial but a recording of her interview, taken on March 15, 2012, was played to the jury. (*Id.* at 121-133.) In the interview, Opp identified the drug found on her as Ultram, which she obtained with a valid prescription. (*Id.* at 122, 127-128, 133.) On appeal, there is no challenge to the recorded interview being admitted. The defense did not present evidence. (*See id.* at 184-185.)

**{¶6}** On May 30, 2013, after a one-day jury trial, the jury rendered a guilty verdict, and on July 9, 2013, Opp was sentenced to nine months in prison. Opp now appeals, raising one assignment of error.

> **THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE STATE'S EXPERT WITNESS TO TESTIFY DESPITE THE FAILURE OF THE STATE TO COMPLY WITH OHIO RULE OF CRIMINAL PROCEDURE 16(K).**

{¶7} In her argument on appeal, Opp quotes Crim.R. 16(K) and asserts that because of its mandatory language and the State's failure to provide her with an expert report prior to trial, the trial court was required to exclude Ms. Wedge's testimony. Crim.R. 16(K) states,

> An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial.

{¶8} Opp does not allege that she was prejudiced in any way by the lack of the report or that the exclusion of the pharmacist's testimony would have changed the result of her trial. She is claiming that the trial was "fundamentally flawed" because "the State was given a free pass and, in essence, absolute immunity from having to follow Crim.R. 16(K)." (Appellant's Br. at 9.) In short, Opp's contention on this appeal appears to be that, as a matter of law, an expert is not allowed to testify as to any matter if a party fails to prepare and disclose a "written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion" prior to trial. *See* Crim.R. 16(K). She demands her conviction be reversed.

{¶9}  We acknowledge the mandatory language of division (K) of Crim.R. 16.  But we refuse to give it the broad reading proposed by Opp, which would remove the trial court's discretion over the discovery process with respect to Crim.R. 16(K).  We hold that although division (K) of the rule is compulsory as to the parties, the trial court retains discretion over the sanctions for violation of this division.  This holding is consistent with decisions of other courts in Ohio.

{¶10} The Fifth District Court of Appeals considered the question of "whether Crim.R. 16(K) abolishes the trial court's discretion" and decided that it does not.  *State v. Viera*, 5th Dist. Delaware No. 11CAA020020, 2011-Ohio-5263, ¶ 18.  The *Viera* court arrived at its decision upon the following reasoning:

> Included in Crim.R. 16(K) referring to the twenty-one day rule is the phrase "which period may be modified by the court for good cause shown, which does not prejudice any other party." New subsection (L)(1) is essentially a codification of the case law favoring the trial court's discretion in fashioning remedies to satisfy justice:
>
> "**(L) Regulation of discovery.**
>
> "(1) The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

*Id.* at ¶¶ 19-21.  The Fifth District Court of Appeals then decided that the trial court had not erred in allowing an expert to testify in spite of the untimeliness of

the expert's report. *Id.* at ¶¶ 22-23. The appellate court expressly rejected the defendant's contention that "Crim.R. 16(K) obviates the trial court's discretion to sanction non-disclosure by any other remedy other than exclusion." *Id.* at ¶ 11. The Ohio Supreme Court denied review of this case upon appeal. *State v. Viera*, 131 Ohio St.3d 1459, 2012-Ohio-648, 961 N.E.2d 1137.

**{¶11}** The Eleventh District Court of Appeals engaged in similar reasoning in a case where a doctor was testifying as an expert without providing a written report as required by Crim.R. 16(K). *See State v. Fetty*, 11th Dist. Portage No. 2011-P-0091, 2012-Ohio-6127. Upon challenge of the trial court's decision to allow the doctor's testimony, the appellate court cited to the *Viera* decision and determined that "the trial court did not abuse its discretion in admitting the testimony despite a lack of compliance with Crim.R. 16(K)," because

> "[t]he purpose of the rule is to avoid unfair surprise by providing notice to the defense and allowing the defense an opportunity to challenge the expert's findings, analysis, or qualifications, possibly with the support of an adverse expert who could discredit the opinion after carefully reviewing the written report."

*Id.* at ¶ 36, quoting *State v. Perry,* 11th Dist. Lake No.2011-L-125, 2012-Ohio-4888, ¶ 55. The appellate court further supported its holding by an analogy to the civil rules:

> the rationale behind the application of Crim.R. 16(K) in a case like this is similar to the rationale behind the requirement in civil cases where an expert report must have been produced pursuant to the local rules before a treating physician's opinion testimony could be admitted. The policy behind these rules is to avoid ambush and

> thwarting of opposing counsel's ability to effectively cross-examine the expert.

*Id.* at ¶ 37. Since the purpose of the rule was not violated, and the defendant was not ambushed or thwarted in its opportunity to effectively cross-examine the expert, reversal was not warranted. *Id.* at ¶¶ 45-46.

**{¶12}** Likewise, the Twelfth District Court of Appeals rejected the argument that the trial court is obligated to exclude an expert's testimony "on the ground that the state failed to provide [the defendant] with a copy of the [expert's] report and summary of her qualifications, irrespective of whether he could show he was actually prejudiced by the state's failure to strictly comply with the rule." *State v. Retana*, 12th Dist. Butler No. CA2011-12-225, 2012-Ohio-5608, ¶ 51. The *Retana* court quoted the 2010 Staff Notes for Division (L) of Crim.R. 16, which state that " '[t]he trial court continues to retain discretion to ensure that the provisions of the rule are followed. This discretion protects the integrity of the criminal justice process while protecting the rights of the defendants, witnesses, victims, and society at large.' " *Id.* at ¶ 48. The Twelfth District Court of Appeals further cited other precedent cases dealing with an issue of discovery violations, which held that the trial court has discretion over discovery sanctions and is required to "impose the least severe sanction that is consistent with the purpose of the rules of discovery." *Id.* at ¶¶ 52-53, quoting *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus, *and State v.*

*Joseph,* 73 Ohio St.3d 450, 458, 653 N.E.2d 285 (1995) (" '[p]rosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and [(3)] the accused suffered some prejudicial effect.' "). Concluding, the appellate court held that the trial court did not abuse its discretion by allowing an expert to testify despite the violation of Crim.R. 16(K) because "[t]he state complied with the spirit and purpose of Crim.R. 16(K)." *Id.* at ¶ 54.

{¶13} This reasoning of the Twelfth District Court of Appeals was cited with approval by the Sixth District Court of Appeals, which held that "[e]ven if a violation of Crim.R. 16(K) occurs, the trial court still has discretion to 'order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing into evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.' " *State v. Swain*, 6th Dist. Erie No. E-11-087, 2013-Ohio-5900, ¶¶ 85-86, quoting Crim.R. 16(L), and citing *Retana*, 2012-Ohio-5608, at ¶ 52.[2]

{¶14} In a case from the Fourth District Court of Appeals, *State v. Willett*, 4th Dist. Ross No. 11CA3260, 2012-Ohio-2186, ¶ 29, the court did not address the issue directly, holding instead that the witness did not testify as an expert and

---

[2] The Sixth District Court of Appeals affirmed the trial court's decision to allow the testimony on another basis.

therefore, his testimony did not have to be excluded for an alleged violation of Crim.R. 16(K). The court noted, however, that "[t]he rule would seem to afford the trial court some discretion in fashioning a sanction here." *Id.*, fn. 1.

{¶15} In asking us to apply the strict literal reading to division (K) of Crim.R. 16, Opp does not cite any Ohio cases that would go this far. She does not advance any theory that would justify such application. Furthermore, she does not allege that the spirit and purpose of the rule have been violated by the trial court's exercise of its discretion in this case. *See* Crim.R. 16(A):

> **Purpose, Scope and Reciprocity.** This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large.

{¶16} We therefore continue to apply the long-established precedent, which holds that questions regarding the admission or exclusion of evidence are within the trial court's discretion, *State v. Sage,* 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987), and we will apply this standard to the trial court's actions in connection with violations of Crim.R. 16(K).

{¶17} The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). It involves views or actions " 'that no conscientious

judge, acting intelligently, could honestly have taken.' " *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 130, quoting *State ex rel. Wilms v. Blake*, 144 Ohio St. 619, 624, 60 N.E.2d 308 (1945). We do not find that the trial court's decision in allowing Ms. Wedge's testimony can be described in these terms.

{¶18} The State disclosed Ms. Wedge as a witness and provided the address of the pharmacy in which she worked. (R. at 17.) It further provided Ms. Wedge's curriculum vitae in its "Continuance to Discovery," citing Crim.R. 16(K), thus indicating its intention to call her as an expert witness. (R. at 17, 20.) The only undisclosed matter was the fact that Ms. Wedge would testify about Ultram being a prescription-only medication and about the methods of identifying the drug. Ultram was the only substance involved in the case, "a dangerous drug," as stated in the Indictment. (R. at 1.) Therefore, Opp was not surprised or "ambushed" by Ms. Wedge's testimony regarding Ultram being a prescription-only medication.

{¶19} Furthermore, Opp does not allege and we do not find that the "foreknowledge" of the fact that Ms. Wedge was going to testify as to the nature of Ultram as a prescription-only medication and as to the method of its identification "would have benefited [her] in the preparation of [her] defense." *See Joseph,* 73 Ohio St.3d at 458. Opp's counsel was afforded an opportunity to cross-examine Ms. Wedge and no allegations are made as to ineffectiveness of this

cross-examination due to State's failure to provide a written expert report. (*See* Tr. at 173.) Ms. Wedge did not identify the drug involved in the case, as this identification was provided by other witnesses and by Opp herself. Finally, the issues of the drug's identity or its prescription-only nature were not contradicted by any of the Defense witnesses and Opp herself admitted essentially the same facts on the record. (*Id.* at 123, 127-128.) Therefore, she was not prejudiced by the admission of Ms. Wedge's testimony.

{¶20} Although the failure to prepare and disclose "a written report summarizing the expert witness's testimony" was a violation by the State, the trial court did not err in allowing Ms. Wedge to testify on the very limited issues in the absence of any prejudice to Opp. Moreover, even were we to hold that the trial court erred in admitting Ms. Wedge's testimony, we would affirm the judgment under the harmless error doctrine.

> When performing harmless error analysis, an error is deemed harmless if it did not affect the defendant's "substantial rights." Crim.R. 52(A). An error does not affect substantial rights if "there is no reasonable probability that the error contributed to the outcome of the trial."

*State v. Smith*, 3d Dist. Logan No. 8-12-05, 2013-Ohio-746, ¶ 20, quoting *State v. Thomas,* 3d Dist. Allen Nos. 1-11-25, 1-11-26, 2012-Ohio-5577, ¶ 40, *and* citing *State v. Brown,* 65 Ohio St.3d 483, 485 (1992). There is no allegation that the inclusion of Ms. Wedge's testimony regarding Ultram being a prescription-only medication and regarding methods of identification for Ultram caused any

prejudice to Opp. The same testimony was also provided by other witnesses, including Opp herself. No witnesses were called to testify to the contrary. Accordingly, there is no reasonable probability that the error, if any, contributed to the outcome of the trial.

{¶21} For the foregoing reasons, Opp's sole assignment of error is overruled. Having found no error prejudicial to Appellant, in the particulars assigned and argued, we affirm the judgment of the Court of Common Pleas in Seneca County, Ohio.

*Judgment Affirmed*

**SHAW, J., concurs.**

**Rogers J., Concurring Separately.**

{¶22} I concur with the result reached by the majority in this case. I concur in judgment only, and write separately, because some of the cases cited by the majority concern issues of discovery in civil cases. I think it is dangerous to equate issues of money judgments in civil cases with issues of personal liberty in criminal cases. Further, I am of the opinion that the rule of strict interpretation of criminal statutes against the state, and liberally in favor of the accused, should also apply to interpretation of the Ohio Rules of Criminal Procedure.

{¶23} Finally, it should be noted that the State could well have complied with Crim.R. 16(K) in this case by supplying a one sentence summary of what

testimony was expected from this witness. The State's failure to do so in this case gives the appearance of apathy and/or disregard for the criminal justice system.

**/hlo**