DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Brian Riel, defendant below and appellant herein, was found guilty of complicity to trafficking in marijuana in violation of R.C. 2925.03(A)(1), 2925.03(C)(3)(c) and R.C. 2923.03(A)(2).
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT VIOLATED MR. RIEL'S RIGHTS TO DUE *Page 2 
PROCESS AND A FAIR TRIAL BY FINDING, IN THE ABSENCE OF SUFFICIENT EVIDENCE, THAT MR. RIEL'S OFFENSE WAS COMMITTED `IN THE VICINITY OF A JUVENILE' WHEN THE OFFENSE WAS NOT COMMITTED WITHIN ONE HUNDRED FEET OF, OR WITHIN THE VIEW OF, A JUVENILE."
 {¶ 3} In March 2007, Chad Bledsoe was arrested on several drug offenses. He agreed to "work off" those crimes and arrange "controlled buys" with area drug dealers. One buy occurred on April 7, 2007 near a church on Braun Road in Belpre. Washington County Sheriffs Deputy Mark Tilton went undercover as the buyer to purchase several pounds of marijuana for $4,000. He and Bledsoe arrived at the designated location, as did appellant. Christopher Perry, a passenger in appellant's pick-up truck, met with Deputy Tilton and made the sale. The two men were then arrested.
 {¶ 4} The Washington County Grand Jury returned an indictment charging appellant with complicity in trafficking marijuana. He pled not guilty and the matter proceeded to a jury trial. The jury found appellant guilty and determined that the offense "was committed in the vicinity of a juvenile." The trial court sentenced appellant to serve three years imprisonment. This appeal followed.
 {¶ 5} Appellant asserts in his sole assignment of error that the trial court erred by finding that he committed this offense within the vicinity of a juvenile. We disagree with appellant.
 {¶ 6} A third degree felony offense is committed when an offender traffics more than two hundred grams, but less than one thousand grams, of marijuana "within the vicinity of a juvenile." See R.C. 2925.03(A)(1) (C)(3)(c). Appellant challenges the jury's finding that the activity occurred within the vicinity of a juvenile. Although appellant does not contest the presence of juveniles at a church party across the street *Page 3 
from transaction's location, he questions whether the transaction occurred "within the vicinity" of those juveniles who were present at the church party.
 {¶ 7} An offense is "committed in the vicinity of a juvenile" if an offender (1) commits the offense within one hundred feet of a juvenile, or (2) within the view of a juvenile. See R.C. 2925.01(BB). Although appellant argues otherwise, our review of the transcript indicates that the prosecution satisfied the first requirement. Officer Tilton testified that he observed at least two children in the church parking lot, which he estimated "between 75, 80 feet, maybe" from the pick-up truck that appellant drove to the transaction. Admittedly, details are difficult to follow because witnesses identified locations on maps that are, unfortunately, not part of the record. This evidence appears to satisfy the first requirement of R.C. 2925.01(BB).
 {¶ 8} Moreover, assuming arguendo that we have misunderstood Officer Tilton's testimony, we nevertheless find sufficient evidence that the offense was committed "within the view" of a juvenile. The statute does not require that juveniles need to have actually observed the transaction. Id. Rather, the transaction need only have occurred "within" their view. Although nothing in the statute or case law explicitly sets out what the Ohio General Assembly meant by the phrase "within" their view, it is logical to assume that their intention is to proscribe transactions in locations where juveniles could view the activity. Christopher Perry testified that when they appeared for the transaction, he was nervous about the people mulling around the church parking lot and suggested that they conclude the deal "across the street." If Perry could see the place where the drug transaction ultimately took place from the church parking lot, the jury could have reasonably concluded that children present at the church could have observed the transaction as well. *Page 4 
 {¶ 9} Moreover, Marietta Police Officer Greg Nohe testified that he observed the transaction from a distance and that he could observe both the original designated area (at the church) and the location across the street where the buy ultimately took place. The jury could have heard the phrase "across the street" and used its own common-sense interpretation of that phrase to determine if the children could have viewed the transaction.
 {¶ 10} Finally, we acknowledge the testimony of Deputy Sheriff Brian Rhodes who measured the distance between the two churches[1] and found it to be four hundred sixty one (461) feet. A reasonable jury could have concluded that this distance was within the view of the children that attended the Easter party, particularly in light of the fact that the transaction occurred outside the church.
 {¶ 11} When reviewing sufficiency of the evidence, appellate courts look to the adequacy of evidence and whether that evidence, if believed, supports a finding of guilt beyond a reasonable doubt. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. In other words, after viewing the evidence and all inferences reasonably drawn therefrom in the light most favorable to the prosecution, the issue is whether any rational trier of fact could have found all essential elements of the offense beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57,840 N.E.2d 1032, 2006-Ohio-160, at ¶ 34; State v. Jones (2000),90 Ohio St.3d 403, 417, 739 N.E.2d 300.
 {¶ 12} In light of the testimony noted above, we conclude that sufficient evidence *Page 5 
existed for the jury to have found that the transaction occurred within the vicinity of juveniles. According, we find no merit to appellant's assignment of error and it is hereby overruled and the trial court's judgment is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] The record indicates that two churches are in this area: "Living Way" and "Friendship." The childrens' Easter party was apparently taking place at one and, so, the parties involved in the controlled buy crossed the street to the other. *Page 1