[Cite as *State v. Burns*, 2016-Ohio-7375.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15CA85 |
| JOANNE BURNS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court of Common Pleas, Case No. 2014CR0555 R

JUDGMENT:      Affirmed, in part, Reversed, in part, and Remanded

DATE OF JUDGMENT ENTRY:      October 14, 2016

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

BAMBI COUCH PAGE                  RANDALL E. FRY
Prosecuting Attorney                  10 West Newlon Place
Richland County, Ohio               Mansfield, Ohio 44902

By: DANIEL M. ROGERS
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1} Defendant-appellant Joanne Burns appeals her conviction and sentence entered by the Richland County Court of Common Pleas on one count of illegal manufacture of methamphetamines, in the vicinity of a school zone and/or juvenile; one count of illegal assembly or possession of chemicals for the manufacture of methamphetamines, in the vicinity of a school zone and/or a juvenile; and two counts of child endangering. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 12, 2014, Officer Mandy Lynn Rodriquez of the Mansfield Metrich Drug Task Force received a call from a pharmacist at the Walgreens in Mansfield, Ohio. The pharmacist reported suspicious conduct on the part of two women attempting to purchase a quantity of pseudoephedrine while visiting the Walgreens pharmacy. The women had trouble producing identification, and one of the women left leaving her purported identification behind. Each of the women had prior significant history of purchasing pseudoephedrine.

{¶3} Officer Rodriquez and Officer Steven Schivinski of the Mansfield Metrich Drug Task Force drove to the Walgreens and spoke with the pharmacist, retrieving the left-behind identification. The officers learned the identification belonged to Appellant, who had a suspended driver's license but had been issued a state identification card.

{¶4} The officers then drove to the address indicated on the identification card left at the pharmacy, that being 751 Armstrong in Mansfield, Ohio. The premises at the address appeared to be abandoned. A subsequent inquiry revealed Appellant was

presently living at 739 Bowman Street in Mansfield, Ohio. The officers proceeded to that address.

{¶5}    Upon arrival there, a boy about twelve years of age answered the door, stating no adults were present at the home. The officers returned to the residence an hour later, noticing a vehicle in the driveway. Upon knocking, two adults answered the door, who were identified as Appellant and her husband, Lyle Burns. The officers obtained verbal consent to search the residence from the Burns.

{¶6}    Present in the home were: Appellant, Lyle Burns, co-defendant Tracy Isaac, and two minor children. The female child approximately five or six years of age belonged to Appellant and her husband, and a male child, approximately twelve years of age, who had previously answered the door and belonged to Tracy Isaac, the co-defendant herein.

{¶7}    Tracy Isaac indicated to the officers she had been staying at the residence for about two weeks due to marital problems with her husband. At the time the officers entered the home, Isaac was in an upstairs bedroom.

{¶8}    Officers conducted a search of the home, including the upstairs area where the Appellant and her co-defendant had bedrooms, and the basement.  In the basement of the residence, officers found: two bottles of liquid, rubber tubing, coffee filters, Coleman fuel, ammonia nitrate, peeled lithium batteries, and cold packs. The officers also conducted a test which indicated the presence of ammonia, necessary in the manufacture of methamphetamine. The items were submitted to the Mansfield Police Crime Lab. The liquid found in the one-pot cooking vessel was tested for the presence of methamphetamine.

{¶9}   The Richland County Grand Jury indicted Appellant as follows: Count One, manufacturing or engaging in the production of methamphetamine, in the vicinity of a school zone and/or juvenile, in violation of R.C. 2925.04(A) and (C)(3)(b), a felony of the first degree; Count Two: assembling or possessing one or more chemicals used to manufacture methamphetamine, in the vicinity of a school and/or juvenile, in violation of R.C. 2925.041(A) and (C)(2), a felony of the second degree; and Counts Three and Four, endangering children, in violation of R.C. 2919.22(B)(6), both felonies of the third degree.

{¶10}  On August 4, 2015, the State filed a motion for joinder of defendants.  On August 25, 2015, Appellant filed a memorandum in opposition. In the memorandum in opposition to the motion asserting there was insufficient evidence to establish she had "any knowledge or involvement in the alleged manufacture of the methamphetamine," and also alleging the items belonged to someone else with access to the residence.

{¶11} On September 2, 2015, six days prior to trial, the State provided supplemental discovery identifying Anthony Tambasco as an expert witness who tested a substance from the search and provided a lab report on August 13, 2014, identifying said substance as methamphetamine.

{¶12} On September 4, 2015, Appellant filed a motion in limine to preclude the introduction of Tambasco's report and the making of reference to any substance identified as methamphetamine.

{¶13} Discovery materials had been provided by the State to Appellant on September 30, 2014. Supplemental discovery was provided on October 6, 2014, December 22, 2014, February 27, 2015 and April 29, 2015. The State had not identified the expert witness regarding the chemical analysis performed in relation to

methamphetamine; nor was the lab report in any of its discovery responses despite the fact Tambasco's report had been prepared more than one year prior to the scheduled day of trial. The State did not allege otherwise.

{¶14} On the record, and prior to the start of trial, Appellant again motioned the court to exclude the expert testimony relative to the testing of the State's evidence not provided to Appellant in discovery until days before the trial, and the lab report identifying the liquid as methamphetamine.

{¶15} The trial court overruled the motion as to the expert testimony and the lab report.

{¶16} Appellant's motion in limine further moved for the exclusion of testimony relative to NPLEX records as prejudicial, non-relevant evidence. Particularly, Appellant argued evidence from a retailer dating back to June 1, 2013, in the NPLEX database is highly prejudicial, non-relevant evidence as to the charges herein. The trial court overruled the motion, finding the evidence relevant to the ultimate issue in the case as to who was manufacturing and who was purchasing the pseudoephedrine.

{¶17} The matter proceeded to jury trial. The jury found Appellant guilty of the charges as stated in the indictment. On September 14, 2015, the trial court sentenced Appellant to a mandatory ten years imprisonment on Count One; the trial court merged Appellant's conviction on Count Two with his conviction on Count One. The trial court sentenced Appellant to two years mandatory time on each Count in Three and Four, ordering the terms to run concurrently, for a total term of ten years. Appellant was also sentenced to a five year term of mandatory post-release control, and a sixty month driver's license suspension.

**{¶18}** Via Order of September 17, 2015, the trial court imposed costs of the jury in the amount of $1,400 jointly and severally between Appellant and her codefendant Tracy Isaac.

**{¶19}** Appellant appeals, assigning as error:

**{¶20}** "I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR AQUITTAL [SIC] PURSUANT TO OHIO RULE OF CRIMINAL PROCEDURE RULE 29A.

**{¶21}** "II. THE APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS THE APPELLANT'S TRIAL COUNSEL FAILED TO RENEW HIS OBJECTION TO THE APPELLEE'S MOTION FOR JOINDER OF OFFENSES.

**{¶22}** "III. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION IN LIMINE FILED BY THE APPELLANT'S TRIAL COUNSEL ON SEPTEMBER 4, 2015 CONCERNING THE INTRODUCTION OF EVIDENCE IDENTIFIED AS METHAMPHETAMINE.

**{¶23}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING EVIDENCE THAT WAS PREJUDICIAL TO THE APPELLANT."

I.

**{¶24}** In the first assignment of error, Appellant maintains the trial court erred in overruling her motion for acquittal pursuant to Ohio Rule Criminal Rule 29(A).

**{¶25}** Criminal Rule 29(A) provides a court must order the entry of a judgment of acquittal on a charged offense if the evidence is insufficient to sustain a conviction on the offense. Crim.R. 29(A). However, "a court shall not order an entry of judgment of acquittal

if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman,* 55 Ohio St.2d 261 (1978), syllabus. Thus, a motion for acquittal tests the sufficiency of the evidence. *State v. Tatum,* 3d Dist. Seneca No. 13–10–18, 2011–Ohio–3005, ¶ 43, citing *State v. Miley,* 114 Ohio App.3d 738, 742 (4th Dist.1996).

{¶26} When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Monroe,* 105 Ohio St.3d 384, 2005–Ohio–2282, ¶ 47. Sufficiency is a test of adequacy. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997). Accordingly, the question of whether the offered evidence is sufficient to sustain a verdict is a question of law. *State v. Perkins,* 3d Dist. Hancock No. 5–13–01, 2014–Ohio–752, ¶ 30, citing Thompkins at 386.

{¶27} Appellant was convicted in Count One of illegal manufacture of methamphetamine, in violation of R.C. 2925.04(A) and (C)(3)(b), within the vicinity of a school zone and/or a juvenile; in Count Two of illegal possession of chemicals for the manufacture of methamphetamine, in violation of R.C. 2925.041(A) and (C)(2), in the vicinity of a school zone and/or juvenile; and in Counts Three and Four of endangering children, in violation of R.C.2919.22(B)(6).

{¶28} As to the manufacturing and possession of chemicals necessary to manufacture methamphetamine (Counts One and Two), Appellant argues the State failed to establish she had knowledge of the manufacture or possession of the chemicals in the residence.

{¶29} Illegal manufacture of methamphetamine, in violation of R.C. 2925.04(A) and (C)(3)(b), reads,

(A) No person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance.

***

(C)(1) Whoever commits a violation of division (A) of this section that involves any drug other than marihuana is guilty of illegal manufacture of drugs, and whoever commits a violation of division (A) of this section that involves marihuana is guilty of illegal cultivation of marihuana.

***

{¶30} Count Two, in violation of R.C. 2925.041(A) and (C)(2) reads,

(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.

***

{¶31} Appellant maintains the State failed to prove the culpable mental state of "knowingly" as to Counts One and Two. Appellant asserts she had no knowledge of the

methamphetamine lab or the chemicals necessary to manufacture methamphetamine in her basement, and the State did not establish her knowledge of the same. We disagree.

{¶32} Viewing the evidence in a light most favorable to the prosecution, we find a rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. The State provided testimony of Appellant purchasing significant quantities of pseudoephedrine, including the recent attempted purchase of pseudoephedrine at Walgreens with co-defendant Tracy Isaac on August 12, 2014. In addition, Appellant purchased an inordinate amount of pseudoephedrine in the months prior to August 12, 2014.

{¶33} Testimony at trial established Appellant frequented the basement in her home. Items consistent with the manufacture of methamphetamine were discovered in the basement of Appellant's home. The liquid substance taken from Appellant's home was identified as methamphetamine. Metrich Detective Wheeler confiscated items consistent with a one-pot cook methamphetamine lab. We find the trial court did not err in denying Appellant's Criminal Rule 29 motion for acquittal as to Counts One and Two.

{¶34} Appellant was further charged in Counts Three and Four with endangering children, in violation of R.C. of 2919.22(B)(6), which reads,

> (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
>
> ***

(6) *Allow the child to be on the same parcel of real property and within one hundred feet of, or, in the case of more than one housing unit on the same parcel of real property, in the same housing unit and within one hundred feet of, any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring*, whether or not any person is prosecuted for or convicted of the violation of section 2925.04 or 2925.041 of the Revised Code that is the basis of the violation of this division.

[Emphasis added.]

**{¶35}** We find there was sufficient testimony presented at trial both children resided at 739 Bowman Street on August 12, 2014, during which time there was evidence of a one-pot methamphetamine lab discovered by law enforcement. The statute does not require the state to prove Appellant had authority or the ability to control the child, contrary to Appellant's argument with regard to the count regarding her codefendant's minor child.

**{¶36}** However, it is clear the statute requires the State establish Appellant did, "Allow the child to be on the same parcel of real property and within one hundred feet of…" the methamphetamine lab. While, the State demonstrated the minor children were allowed on the same parcel of property, it did not establish the children were *within one hundred feet of* the methamphetamine lab.[1]

---

[1] The State cites *State v. Smith*, 3rd Dist. No. 6-14-14, 2015-Ohio-2977, as support for the proposition Ohio Courts have held a juvenile's presence in the residence, notwithstanding the juvenile's not witnessing the manufacturing of methamphetamine or actually entering the basement where the meth lab existed, satisfies the sufficiency of the evidence for drug manufacturing or cultivation of marijuana where a 100 foot distance requirement

{¶37} In this case, the statute specifically requires the State to prove the children were allowed on the parcel of property and *within one hundred feet* of the methamphetamine lab. No one testified the children were ever in the basement or the specific distance between where the children had access to in the house and the meth lab in the basement. Therefore, the State has not met the burden of proof.

{¶38} We find there was insufficient evidence to find the elements of child endangering proven beyond a reasonable doubt, and the trial court erred in denying Appellant's Criminal Rule 29 motion for acquittal as to Counts Three and Four.

{¶39} The first assignment of error is overruled, in part, and sustained, in part.

II.

{¶40} In the second assignment of error, Appellant maintains she was denied the effective assistance of counsel because her trial counsel failed to renew her objection to the State's motion for joinder of offenses.

{¶41} On August 4, 2015, the State filed a pretrial Motion for Joinder of Defendants. Appellant filed a memorandum in opposition on August 25, 2015. The trial court granted the motion for joinder on August 26, 2015, before trial commenced.

{¶42} If an objection to joinder is not renewed after the State rests its case or at the conclusion of evidence, the objection to joinder is waived; forfeiting the issue on appeal. *State of Ohio v. Simpson* 9th Dist. 12CA010147, 2013-Ohio-4276, *United States*

---

must be met. However, in *Smith*, the defendant did not move the trial court for a Criminal Rule 29 motion for acquittal, thus waiving his challenge to the sufficiency of the evidence. The state in *Smith* presented testimony the cultivation of marijuana was within 1000 feet of a school. The State only had to prove the cultivation occurred within the vicinity of a school or a juvenile, as the defendant was charged in the alternative. We find the State's reliance on *Smith* herein misplaced as the State herein had the burden of proving the juvenile was within 100 feet of the meth lab.

*v. Porter* 441 F.2d 1204 (1971). Appellant's trial counsel did not renew her objection to joinder.

**{¶43}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

**{¶44}** "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶45}** Even if a defendant shows counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**{¶46}** When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, this actual prejudice prong of *Strickland* breaks down into two components. First, the defendant must show the motion or defense "is meritorious," and, second, the defendant must show there is a reasonable probability the outcome would

have been different if the motion had been granted or the defense pursued. See

*Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305 (1986);

see, also, *State v. Santana,* 90 Ohio St.3d 513, 739 N.E.2d 798 (2001), citing *State v.*

*Lott,* 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).

**{¶47}** Trial counsel's failure to renew the objection to the motion for joinder is not

per se ineffective assistance of counsel. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000–

Ohio–0448. Counsel can only be found ineffective for failing to renew the objection, if,

based on the record, the motion would have been granted. *State v. Lavelle,* 5th Dist. No.

07 CA 130, 2008–Ohio–3119, at ¶ 47; *State v. Cheatam,* 5th Dist. No. 06–CA–88, 2007–

Ohio–3009, at ¶ 86.

**{¶48}** Criminal Rule 8 states, in pertinent part,

(B) Joinder of Defendants. Two or more defendants may be charged

in the same indictment, information or complaint if they are alleged to have

participated in the same act or transaction or in the same series of acts or

transactions constituting an offense or offenses, or in the same course of

criminal conduct. Such defendants may be charged in one or more counts

together or separately, and all of the defendants need not be charged in

each count.

**{¶49}** Our standard of review in reviewing a trial court's denial of a motion for

joinder is an abuse of discretion. *State v. Allen*, 5th Dist. No. 2009 CA 13, 2010-Ohio-

4644; State v. *Kochen-Sparger,* 6th Dist. No. E14-132, 2016-Ohio-2870; *State v.*

*Peterson*, 8th Dist. No. 100897, 100899, 2015-Ohio-1013. An abuse of discretion is more than an error in law or judgment. Rather, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Berk v. Matthews* 53 Ohio St 3d 161, 559 N.E. 2d 1301 (1990); *Blakemore v. Blakemore* 5 Ohio St.3d 217, 450 N.E. 2d 1140 (1983); *Elkins v. Reed* 5th Dist. No. 2013CA00090, 2014-Ohio-1216.

**{¶50}** Here, we find the trial court did not abuse its discretion in joining the cases for trial because the co-defendants were alleged to have participated in the same act or transaction or same series of acts or transactions.

**{¶51}** Furthermore, Appellant has not demonstrated prejudice as a result of the joinder of the defendants. Appellant's argument she was prejudiced by any wrong doing on the part of her codefendant is speculative at best. Neither codefendant made a statement relative to the other prior to trial or during trial. There was no evidence offered pertaining to either codefendant more prejudicial to one than to the other. Appellant has failed to establish the second prong of *Strickland,* that but for any alleged error on the part of trial counsel, the outcome of the trial would have been otherwise.

**{¶52}** The second assignment of error is overruled.

III.

**{¶53}** In the third assignment of error, Appellant asserts the trial court erred in denying her motion in limine to exclude the testimony of Anthony Tambasco as an expert witness regarding chemical analysis performed on materials confiscated from the residence during the search the herein, and lab report prepared by Tambasco identifying the liquid as methamphetamine.

**{¶54}** Appellant's motion stems from the State's failure to provide the lab report prior to trial, pursuant to Ohio Criminal Rule 16.  The rule provides,

(A) **Purpose, Scope and Reciprocity.** This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large. All duties and remedies are subject to a standard of due diligence, apply to the defense and the prosecution equally, and are intended to be reciprocal. Once discovery is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures.

*** 

(K) **Expert Witnesses; Reports.** An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial.

(L) **Regulation of Discovery.**

(1) The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

\*\*\*

Ohio Crim. R. 16

{¶55} Six days prior to the start of trial on September 22, 2015, the State first provided Appellant's trial counsel with Supplemental Discovery identifying Anthony Tambasco as an expert witness and providing the lab report he prepared on August 13, 2014. The lab report identified the substance found at 739 Bowman Street in Mansfield as methamphetamine. The trial court held a hearing on Appellant's motion in limine prior to trial.

{¶56} Appellant maintains she was prejudiced by the State's late disclosure as she was unable to have the substance independently tested or to obtain her own expert witness to testify as to the substance.

{¶57} The State responded Appellant was provided with an evidence admission slip reflecting a clear liquid had been seized from the residence and had been submitted to the Mansfield Crime Lab. This information had been provided during initial discovery.

The State maintains Appellant was therefore on notice and could have independently tested the substance, and could have obtained her own expert witness.[2]

**{¶58}** In *City of Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, the Ohio Supreme Court held,

> As this court stated in *State v. Howard* (1978), 56 Ohio St.2d 328, 333, 10 O.O.3d 448, 451, 383 N.E.2d 912, 915, "[t]he philosophy of the Criminal Rules is to remove the element of gamesmanship from a trial." The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial. *State v. Mitchell* (1975), 47 Ohio App.2d 61, 80, 1 O.O.3d 181, 192, 352 N.E.2d 636, 648.

> \*\*\*

> We adopt the rationale upon which the opinions of these courts is based and find that a trial court must inquire into the circumstances surrounding a violation of Crim.R. 16 prior to imposing sanctions pursuant to Crim.R. 16(E)(3). Factors to be considered by the trial court include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions.

---

[2] For Appellee to suggest the defendant was somehow at fault for not pursuing testing after being put on notice is somewhat disingenuous given the fact the prosecutor was obviously also on notice of, yet failed to discover, the report for over a year after its preparation.

{¶59} In *State v. Wiles* (1991), 59 Ohio St.3d 71, 78–79, 571 N.E.2d 97, the Supreme Court stated a trial court has discretion under Crim.R. 16(E)(3) to determine the appropriate response for failure of a party to disclose material subject to a valid discovery request. See also *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689. To determine whether a trial court has abused its discretion in dealing with Crim.R. 16 violations, we look to whether (1) the violation was willful, (2) foreknowledge would have benefited the defendant, and (3) the defendant suffered prejudice as a result of the state's failure to disclose the information. *Wiles*, supra. See, *State v. Jones*, 2009-Ohio-2381, ¶ 14, 183 Ohio App. 3d 189, 193–94, 916 N.E.2d 828, 831 abrogated by *State v. Darmond*, 2013-Ohio-966, ¶ 14, 135 Ohio St. 3d 343, 986 N.E.2d 971

{¶60} The trial court retains discretion to make sanctions other than precluding an expert's testimony. *State v. Viera,* Fifth Dist. No. 11CAA020020, 2011-Ohio-5263. The trial court is required to impose the least severe sanction consistent with the purpose and rules of discovery. *State v. Opp*, 3rd Dist. 13-13-33, 2014-Ohio-1138. *State v. Opp*, supra, *Opp* holds violations of Criminal Rule 16(K) only amount to reversible error if:

1. The State willfully violated the rule;

2. Foreknowledge of the information would have benefitted the accused in the preparation of his or her defense;

3. The accused suffered some prejudice as a result. Id.

*Opp*, supra.

{¶61} We find the State's late disclosure of their expert witness and the lab report were not prejudicial to Appellant's theory of defense. The trial court found the State did not act willfully in violating Rule 16, and Appellant does not allege the State acted willfully herein. Though clearly negligent in failing to comply with Criminal Rule 16, such negligence does not necessarily establish willfulness.

{¶62} Appellant was aware items consistent with the manufacture of methamphetamine and chemicals necessary for the manufacture of methamphetamine were confiscated from her home.  Her theory of defense was she had no knowledge of the methamphetamine lab.[3]

{¶63} The trial court did not error in denying Appellant's motion in limine as Appellant has not demonstrated the State acted willfully in providing late disclosure of the discovery, and Appellant has not demonstrated prejudice as a result of the same.

{¶64} The third assignment of error is overruled.

IV.

{¶65} In the fourth assigned error, Appellant asserts the trial court abused its discretion in admitting testimony of Appellant's past purchases of pseudoephedrine. Appellant argues the evidence is highly prejudicial and irrelevant as the indictment alleges the crimes were committed on or about August 12, 2014 and the purchases were made well before the instant charges. We disagree.

{¶66} Krista McCormick, an employee of Appriss, Inc., the company who produces the National Precursor Lock Exchange (NPLEX), testified at trial herein.

---

[3] On August 25, 2015, Appellant filed a memorandum in opposition to the State's Motion for Joinder of Defendants arguing there was insufficient evidence to establish she had "any knowledge or involvement in the alleged manufacture of methamphetamine."

McCormick explained, in Ohio, pharmacies report all over-the-counter pseudoephedrine and ephedrine purchases to a database, NPLEX. The State limits the amount of pseudoephedrine a consumer may purchase in a 30-day time limit.

{¶67}   This Court recently affirmed the admission of NPLEX records as business records under Ohio Evidence Rule 803(6) in *State v. Coleman,* Richland App. No. 14-CA-82, 2015-Ohio-3907 and *State v. McDonald*, Fairfield No.  15-CA-45, 2016-Ohio-2699.

{¶68}  In *Coleman,* this Court held,

All pharmacies must maintain a log book detailing the purchase or attempted purchase. All Ohio pharmacies are required by law to report all sales and attempted sales of pseudoephedrine to a central pseudoephedrine clearing house, called NPLEX.  The purpose of the NPLEX system is to monitor suspicious purchases of pseudoephedrine tablets. All purchase requests are submitted by the pharmacy to NPLEX along with the customer's driver's license. All such transactions are recorded and the information is available to law enforcement.

The law affirmatively imposes the duty to record and the contents of the record. It can be assumed, therefore, the record was made at or near the time of the purchase or attempted purchase.

{¶69}  In *United States v. Collins*,799 F.3d 554, (6th Cir. 2015), the Sixth Circuit Court of Appeals found an Appriss, Inc. employee a "qualified witness" for the purpose of authenticating NPLEX records as business records under Fed. R. Evidence 803(6), which is identical to Ohio Evidence Rule 803(6).

{¶70} McCormick testified the records pertaining to Appellant indicated the most recent transaction for July 17, 2014, and the earliest date reflected a transaction on January 19, 2013. McCormick testified as to Appellant's purchases from January 19, 2013, through July 17, 2014. McCormick testified as to Appellant's purchases throughout the time period, including completed purchases, attempted purchases and blocked purchases.

{¶71} O.R.C. 3715.052 requires retailers of pseudoephedrine and ephedrine to submit information to NPLEX, including the purchaser's name, address, name and quantity of the product purchased, date and time of purchase and government identification provided, including the identification number, and agency issuing the identification.

{¶72} The trial court found the testimony of McCormick relative to the NPLEX information relevant as Appellant was charged with manufacturing methamphetamine and possession of chemicals used for the manufacture of methamphetamine. The trial court found the NPLEX information relevant to show Count II obtaining the possession of chemicals necessary for the manufacture of methamphetamine and also as to manufacturing. The trial court overruled Appellant's objection, finding the same did not arise to an Evidence Rule 404(B) issue.

{¶73} We do not find the trial court abused its discretion in admitting the testimony, and Appellant's fourth assignment of error is overruled. We find Appellant's argument with regard to "other bad acts" evidence not well taken. Appellant's prior history established she purchased legal quantities of pseudoephedrine or was blocked from purchasing the same. The trial court overruled Appellant's objection finding the same did not give rise to

an Evidence Rule 404(B) issue. We agree. Appellant was charged with possession of chemicals for manufacture of and the manufacture of methamphetamine. The testimony of Krista McCormick as to the NPLEX records and Appellant's history of purchasing pseudoephedrine was relevant as to the charges.

{¶74} Appellant's conviction and sentence in the Richland County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded for further proceedings in accordance with this Opinion and the law.

By: Hoffman, J.

Farmer, P.J. and

Wise, J. concur