[Cite as *State v. Isaac*, 2017-Ohio-7139.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 15CA87 |
| TRACY ISAAC | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Court of Common Pleas, Case No. 2014CR0560 R

JUDGMENT:    Affirmed in part, Reversed in part and Remanded

DATE OF JUDGMENT ENTRY:    August 7, 2017

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
Richland County, Ohio

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

KATHERINE R. ROSS-KINZIE
Assistant State Public Defender
250 East Broad St., Suite 1400
Columbus, Ohio 43215

*Hoffman, P.J.*

**{¶1}**  Defendant-appellant Tracy Isaac reopens her appeal of her conviction and sentence entered by the Richland County Court of Common Pleas on one count of illegal manufacture of methamphetamines, in the vicinity of a school zone and/or juvenile; one count of illegal assembly or possession of chemicals for the manufacture of methamphetamines, in the vicinity of a school zone and/or a juvenile, and two counts of child endangering. Plaintiff-appellee is the state of Ohio. [1]

STATEMENT OF THE FACTS AND CASE

**{¶2}**  On August 12, 2014, Officer Mandy Lynn Rodriquez of the Mansfield Metrich Drug Task Force received a call from a pharmacist at the Walgreens in Mansfield, Ohio. The pharmacist reported suspicious conduct on the part of two women attempting to purchase a quantity of pseudoephedrine while visiting the Walgreens pharmacy. The women had trouble producing identification, and one of the women left leaving her purported identification behind. Each of the women had prior significant history of purchasing pseudoephedrine.

**{¶3}**  Officer Rodriquez and Officer Steven Schivinski of the Mansfield Metrich Drug Task Force drove to the Walgreens and spoke with the pharmacist, retrieving the left-behind identification. The officers learned the identification belonged to Joanne Burns, codefendant herein, who had a suspended driver's license but had been issued a state identification card.

---

[1] This matter comes before this Court on reopening pursuant to App. Rule 26(B), following our Opinion and Judgment Entry entered in *State v. Isaac*, Richland App. No. 15CA87, 2016-Ohio-7376.

{¶4} The officers then drove to the address indicated on the identification card left at the pharmacy, that being 751 Armstrong in Mansfield, Ohio. The premises at the address appeared to be abandoned. A subsequent inquiry revealed Joanne Burns was presently living at 739 Bowman Street in Mansfield, Ohio. The officers proceeded to that address.

{¶5} Upon arrival there, a boy about twelve years of age answered the door, stating no adults were present at the home. The officers returned to the residence an hour later, noticing a vehicle in the driveway. Upon knocking, two adults answered the door, who were identified as Joanne Burns and her husband, Lyle Burns. The officers obtained verbal consent to search the residence from the Burns.

{¶6} Present in the home were: Joanne Burns, Lyle Burns, Appellant, and two minor children. The female child approximately five or six years of age belonged to Burns and her husband, and a male child, approximately twelve years of age, who had previously answered the door, belonged to Appellant.

{¶7} Appellant indicated to the officers she had been staying at the residence for about two weeks due to marital problems with her husband. At the time the officers entered the home, Appellant was in an upstairs bedroom.

{¶8} Officers conducted a search of the home, including the upstairs area where Joanne Burns and Appellant had bedrooms, and the basement. In the basement of the residence, officers found: two bottles of liquid, rubber tubing, coffee filters, Coleman fuel, ammonia nitrate, peeled lithium batteries, and cold packs. The officers also conducted a test which indicated the presence of ammonia, necessary in the manufacture of methamphetamine. The items were submitted to the Mansfield Police Crime Lab. The

liquid found in the one-pot cooking vessel was tested for the presence of methamphetamine.

{¶9} The Richland County Grand Jury indicted Appellant as follows: Count One, manufacturing or engaging in the production of methamphetamine, in the vicinity of a school zone and/or juvenile, in violation of R.C. 2925.04(A) and (C)(3)(b), a felony of the first degree; Count Two: assembling or possessing one or more chemicals used to manufacture methamphetamine, in the vicinity of a school and/or juvenile, in violation of R.C. 2925.041(A) and (C)(2), a felony of the second degree; and Counts Three and Four, endangering children, in violation of R.C. 2919.22(B)(6), both felonies of the third degree.

{¶10} On August 4, 2015, the State filed a motion for joinder of defendants. On August 25, 2015, Appellant filed a memorandum in opposition. The trial court granted the motion for joinder.

{¶11} The matter proceeded to jury trial. The jury found Appellant guilty of the charges as stated in the indictment. On September 14, 2015, the trial court sentenced Appellant to a mandatory ten years imprisonment on Count One; the trial court merged Appellant's conviction on Count Two with her conviction on Count One. The trial court sentenced Appellant to two years mandatory time on Counts Three and Four, ordering the terms to run concurrently, for a total term of ten years. Appellant was also sentenced to a five year term of mandatory post-release control, and a sixty month driver's license suspension.

{¶12} Via Order of September 17, 2015, the trial court imposed costs of the jury in the amount of $1,400 jointly and severally between Appellant and her codefendant Joanne Burns.

{¶13} Appellant filed a direct appeal of her conviction and sentence in *State v. Isaac*, Richland App. No. 15CA87, 2016-Ohio-7376. Via Opinion and Judgment Entry of October 14, 2016, this Court affirmed Appellant's convictions as to Count One of illegal manufacture of methamphetamine, in violation of R.C. 2925.04(A) and (C)(3)(b), within the vicinity of a school zone and/or a juvenile; and Count Two of illegal possession of chemicals for the manufacture of methamphetamine, in violation of R.C. 2925.041(A) and (C)(2), in the vicinity of a school zone and/or a juvenile.[2] This Court further affirmed Appellant's convictions on Counts Three and Four, child endangering, holding,

Appellant was further charged in Counts Three and Four with Endangering Children in violation of R.C. of 2919.22(B)(6), which reads,

(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

* * *

(6) Allow the child to be on the same parcel of real property and within one hundred feet of, or, in the case of more than one housing unit on the same parcel of real property, in the same housing unit and within one hundred feet of, any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring, whether or

_____

[2] This Court also affirmed the denial of Appellant's motion in limine to exclude expert testimony, the denial of a motion in limine to exclude evidence as to Appellant's past purchases of pseudoephedrine, and the trial court's imposition of costs and a mandatory fine.

not any person is prosecuted for or convicted of the violation of section 2925.04 or 2925.041 of the Revised Code that is the basis of the violation of this division.

***

Further, there was sufficient testimony presented at trial both children resided at 739 Bowman Street on August 12, 2014, during which time there was evidence of a one-pot cook methamphetamine lab discovered by law enforcement. The statute does not require the state to prove Appellant had the authority or the ability to control the minor child of her codefendant.

We find Appellant's convictions were not against the manifest weight or against the sufficiency of the evidence.

{¶14} Via Entry of March 29, 2017, this Court granted Appellant's Rule 26(B) application to reopen appeal. Appellant assigns as error on reopening,

I. THE TRIAL COURT ERRED WHEN IT DENIED MS. ISAAC'S CRIM.R. 29(A) MOTION FOR ACQUITTAL ON COUNTS 3 AND 4, ENDANGERING CHILDREN, BECAUSE THE CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE. THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT ALL OF THE ESSENTIAL ELEMENTS OF THE CHARGE OF ENDANGERING CHILDREN BEYOND

A REASONABLE DOUBT, AND MS. ISAAC'S CONVICTION FOR ENDANGERING CHILDREN THEREFORE VIOLATES HER RIGHTS TO DUE PROCESS. FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

II. THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE JUVENILE SPECIFICATIONS FOR COUNT ONE, ILLEGAL MANUFACTURE OF METHAMPHETAMINE, AND COUNT TWO, ILLEGAL POSSESSION OF CHEMICALS FOR THE MANUFACTURE OF METHAMPHETAMINE. FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

III. TRACY ISAAC WAS DEPRIVED OF HER RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN TRIAL COUNSEL FAILED [TO] ARGUE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE JUVENILE SPECIFICATIONS FOR COUNT ONE, ILLEGAL MANUFACTURE OF METHAMPHETAMINE, AND COUNT TWO, ILLEGAL POSSESSION OF CHEMICALS FOR THE MANUFACTURE OF METHAMPHETAMINE IN HER RULE 29 MOTION FOR ACQUITTAL. SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTION 10, ARTICLE 1, OHIO CONSTITUTION.

IV. BY FAILING TO ARGUE THAT THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE TO SUPPORT ALL THE ELEMENT OF ENDANGERING CHILDREN, AND FAILING TO ARGUE THAT THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE TO SUPPORT JUVENILE SPECIFICATIONS ATTACHED TO HER MANUFACTURING CONVICTIONS, AND FAILING TO ARGUE THAT TRIAL COUNSEL WAS INEFFECTIVE, ORIGINAL APPELLATE COUNSEL PROVIDED MS. ISAAC WITH INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.  APP. R. 26(B)(7).

I.

**{¶15}** In the first assigned error, Appellant maintains the trial court erred in denying her Criminal Rule 29 motion for acquittal as to Counts Three and Four, endangering children.

**{¶16}** Criminal Rule 29(A) provides a court must order the entry of a judgment of acquittal on a charged offense if the evidence is insufficient to sustain a conviction on the offense. Crim.R. 29(A). However, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman,* 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. Thus, a motion for acquittal tests the sufficiency of the evidence. *State v. Tatum,* 3d Dist. Seneca No.

13–10–18, 2011-Ohio-3005, 2011 WL 2448972, ¶ 43, citing *State v. Miley,* 114 Ohio App.3d 738, 742, 684 N.E.2d 102 (4th Dist.1996).

**{¶17}** When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Monroe,* 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 47. Sufficiency is a test of adequacy. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Accordingly, the question of whether the offered evidence is sufficient to sustain a verdict is a question of law. *State v. Perkins,* 3d Dist. Hancock No. 5–13–01, 2014-Ohio-752, 2014 WL 855870, ¶ 30, citing *Thompkins* at 386.

**{¶18}** Appellant was charged in Counts Three and Four with endangering children, in violation of R.C. 2919.22(B)(6), which reads,

> (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
>
> * * *
>
> (6) *Allow the child to be on the same parcel of real property and within one hundred feet of, or, in the case of more than one housing unit on the same parcel of real property, in the same housing unit and within one hundred feet of, any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring,* whether or not any person is prosecuted for or convicted of the violation of section

2925.04 or 2925.041 of the Revised Code that is the basis of the violation

of this division.

[Emphasis added.]

**{¶19}** It is clear the statute requires the State to establish Appellant did, "Allow the child to be on the same parcel of real property and within one hundred feet of ..." the methamphetamine lab. While, the State demonstrated the minor children were allowed on the same parcel of property, it did not establish the children were *within one hundred feet of* the methamphetamine lab.

**{¶20}** In this case, the State had the burden of proving the children were allowed on the parcel of property and *within one hundred feet* of the methamphetamine lab. No one testified the children were ever in the basement or the specific distance between where the children had access to in the house and the meth lab in the basement. Therefore, the State has not met the burden of proof.

**{¶21}** We find there was insufficient evidence to find the elements of child endangering proven beyond a reasonable doubt, and the trial court erred in denying Appellant's Criminal Rule 29 motion for acquittal as to Counts Three and Four.

**{¶22}** Accordingly, Appellant's convictions on Counts Three and Four are reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this Opinion.

II.

**{¶23}** In the second assignment of error, Appellant maintains her convictions on the two attendant juvenile specifications alleging "within the vicinity of a juvenile," attached to Counts One and Two, were not supported by the sufficiency of the evidence. We disagree.

**{¶24}** The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶25}** Appellant was convicted on Count One, manufacturing or engaging in the production of methamphetamine, in the vicinity of a school zone and/or juvenile, in violation of R.C. 2925.04(A) and (C)(3)(b), a felony of the first degree; and on Count Two, assembling or possessing one or more chemicals used to manufacture methamphetamine, in the vicinity of a school and/or juvenile, in violation of R.C. 2925.041(A) and (C)(2), a felony of the second degree.

**{¶26}** R.C. 2925.01(BB) defines "in the vicinity of a juvenile" as,

> (BB) An offense is "committed in the vicinity of a juvenile" if the offender commits the offense within one hundred feet of a juvenile or within

the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense.

{¶27} Unlike R.C. 2919.22(B)(6) defining the offense of endangering children, the juvenile enhancement specification does not always require proof the offense was committed within 100 feet of the juvenile.

{¶28} The Supreme Court in *State v. Lozier,* 101 Ohio St.3d 161, 803 N.E.2d 770, 2004-Ohio-732, held,

R.C. 2925.01(BB) makes it abundantly clear that the offender's mental state is irrelevant in determining whether the offender has committed an offense "in the vicinity of a juvenile." An offender is liable whether or not he knows the age of the juvenile, or whether he realizes that a juvenile is in the vicinity.

\*\*\*

The General Assembly, in imposing the strict liability requirement for drug sales "in the vicinity of a juvenile," perfectly illustrates what R.C. 2901.21(B) calls a "purpose to impose strict liability." Additionally, the stark contrast between the definition of "committed in the vicinity of a school" and the definition of "committed within the vicinity of a juvenile" indicates that the

General Assembly did not intend to impose strict liability for selling LSD in the "vicinity of a school" section.

*** 

The distance requirement for an act to be committed within "the vicinity of a juvenile" is only 100 feet or "within view of the juvenile." Drug trafficking is a dangerous activity. Beyond the psychic danger of seeing drugs being sold, there is a very real physical danger surrounding a drug transaction, even for nonparticipants. Thus, a child, whether in view or not, could become a part of the collateral damage of a failed transaction. The threat to a child is real and imminent.

On the other hand, to be "in the vicinity of a school," an offender could, by definition, be 1,000 feet away from a school. A child may not necessarily be nearby, or even in the school. The transaction could occur in the late evening hours, or in summer, or during any other period of the year that the school is closed.

The difference between the potential peril of a transaction that occurs "in the vicinity of a school" and "in the vicinity of a juvenile" is significant. "In the vicinity of a school" addresses danger that can be theoretical; "in the vicinity of a juvenile" addresses a real, present danger. Because the "vicinity of a juvenile" offense is so much more dangerous, the General Assembly has determined that the offender's knowledge that a juvenile is nearby is irrelevant. Also, *since "in the vicinity of a juvenile" includes being in view of a juvenile, its parameters can expand well beyond 100 feet.* Thus, if an

offense occurs within 1,000 feet of a school, the offender still can be subject to strict criminal liability if there is a juvenile within view. As the danger to children becomes more real, the culpable mental state gets stricter. (Emphasis added).

**{¶29}** In *State v. Riel*, 4th Dist. No. 08CA3, 2008-Ohio-5354, Riel was convicted of trafficking in marijuana in the vicinity of a juvenile. The Fourth District held the presence of at least two children in a church parking lot, across the street, sufficient evidence the offense was committed "within the view" of a juvenile. The Court held,

> Moreover, assuming arguendo that we have misunderstood Officer Tilton's testimony, we nevertheless find sufficient evidence that the offense was committed "within the view" of a juvenile. The statute does not require that juveniles need to have actually observed the transaction. *Id.* Rather, the transaction need only have occurred "within" their view. Although nothing in the statute or case law explicitly sets out what the Ohio General Assembly meant by the phrase "within" their view, it is logical to assume that their intention is to proscribe transactions in locations where juveniles could view the activity.

**{¶30}** In *State v. Turner*, 4th Dist. No. 08CA3234, 2009-Ohio-3114, the Fourth District addressed the sufficiency of the evidence on appeal from a juvenile specification conviction. Turner transported drugs from Columbus to Portsmouth, delivering them to

the home of Cindy Mershon, and eventually distributing the drugs to local dealers in the Portsmouth area. Turner stayed at the Mershon residence and dealt crack cocaine and heroin on at least three separate occasions. When officers searched the residence, Turner was found in constructive possession of crack cocaine and heroin. The officers observed Mershon's nine year-old daughter leaving the residence immediately preceding the execution of the search. Testimony established Mershon's daughter and seventeen year-old son lived at the residence.

**{¶31}** The Fourth District held the observation of a nine year-old girl leaving the residence prior to the execution of the search warrant, which found drugs in the house, and the juveniles' residency in the home sufficient evidence to support Turner's conviction for the juvenile specification.

**{¶32}** In *State v. Cunningham*, 6th Dist. No. WD-08-063, 2009-Ohio-6970, the Sixth District held,

> The state's evidence in this case as to the presence of juveniles consisted of background noise on the audiotapes that sounded like children's voices. There also was evidence that the drug transactions occurred at a residence in a mobile home park. Because children's voices were heard and the transactions occurred in a residence, the jury could reasonably have inferred that they took place "within the vicinity of a juvenile" as defined in R.C. 2925.01(BB). Establishing the juvenile enhancement elevates the degree of the offenses of which appellant was found guilty.

**{¶33}** It is undisputed the children herein resided in the home. The children were present at the time the officers arrived at the residence, and told police the adults were not present. The children were present during the time the officers searched the residence. The investigating officers testified at trial the basement door was unlocked at the time of the search. The basement was accessible from the outside of the home and from an entryway near the kitchen. State's Exhibit 49 introduced at trial depicts the basement door located in the kitchen of the residence. The picture indicates the stairs leading to the basement, with the meth lab in view.

**{¶34}** Based upon the evidence presented, we find the juvenile specifications were supported by sufficient evidence and the jury reasonably found the specifications proven beyond a reasonable doubt despite the lack of definite evidence the juveniles were within 100 feet of the meth lab.

**{¶35}** The second assignment of error is overruled.

III.

**{¶36}** In the third assignment of error, Appellant maintains she was deprived of the effective assistance of trial counsel due to counsel's failure to argue the insufficiency of evidence with regard to the juvenile specifications attendant to Counts One and Two.

**{¶37}** Having sustained Appellant's first assignment of error, we find any discussion of this assigned error moot.

IV.

**{¶38}** Having overruled Appellant's second assignment of error, we find any further discussion of the assignment of error moot.

{¶39} The Judgment of the Richland County Court of Common Pleas is affirmed as it relates to the juvenile specification on Counts One and Two, reversed as to Appellant's convictions on Counts Three and Four, and remanded for further proceedings in accordance with the law and this Opinion.

By: Hoffman, P.J.

Wise, John, J.  and

Wise, Earle, J. concur